The opinion of the court was delivered by
Duncan, J.
Two questions arise on the will of this testatrix:— The first is, was the power given to Mary Beveridge well executed? If it was not, then who on its non-execution are entitled to take, according to the provisions of the will?
The apportionment of three thousand dollars of the fund to Margaret Howell, if she survived Mary Beveridge, is clearly void. There is, a strictness required' in the execution of powers which frequently appears to be harsh; but if once a latitude was allowed, and the direction of the testator as to the appointment was departed from, there would be no rule to go by; and if an implied or presumed intention, even in hard cases, was permitted, and the broad rule of strict adherence to be broken in upon by a minute inquiry into the circumstances of families, it would be highly mischievous, and render the judge the distributor of favours, instead of deciding on the words of the testator, or his clear and declared intention. A power to appoint to the children of A. will not therefore authorize an appointment to the mother, whom the testator had passed by. The appointment to Mary Howell is therefore invalid. This likewise defeats the appointment to Samuel E. Howell in contingency; and here, where the contingency did not happen, he cannot take. It is given on a contingency, on which Mary Beveridge had no right to give it. The appointment of one thousand dollars to Eliza Smith, a grandchild of Margaret Howell, cannot be supported; for it is now well settled, that a power to appoint to children is not well executed by an appointment to grandchildren. Sugdenon Powers, 501. . If, indeed, this power could not otherwise be- executed, or if there were no children, then it might be valid, because the intention would be manifest to show that by children the testator meant grandchildren; the power not being well executed.
*191 The next question is, what children, whose children, (the children of a daughter of the devisor, and the sister of Mary Beveridge, being the only objects,) are within the scope of the power, and within the distinction, in case of non-execution of the power; and here the intention of the testatrix is to govern: and, taking into consideration every provision of the will, that intention is very apparent. The testatrix’s plan was to put all on a footing: .there should be an equality among her children and grandchildren, and her design was, to put the children of her daughter on a footing with her son’s children, and the children of her deceased daughter, Anne Mifflin. She states that her son had received of his fathez’’s estate a much larger portion than her daughters, and therefore she leaves his children nothing. To the two sons of her deceased daughter, Ann Mifflin, she gives four thousand dollars; providing, that if both of them should die without leaving issue, it should go over to her daughter, Margaret Hoioell’s children; and to Mary Beveridge, which is the devise in question, she gives the interest of four thousand dollars annually-during her life:— And, at her decease, she may will it to any of her daughters’ children, as she pleases and sees fit; and, in default of her making a will, and so disposing of it, then it is to be divided among her sister’s children, share and share alike. What sister did she intend? the only living sister of Mary Beveridge. She might appoint to any one of them. Now the executor of that power could not give it to the child of any deceased sister. Those childz'en of Margaret Howell were otherwise unprovided for, and appear to have been the particular objects of the testator’s bounty, and of her justice in the distribution of her property, all others being provided for.
If Mary Beveridge did not so appoint, then. it was to be divided among all Margaret Howell’s children, share and share alike. When she speaks of her daughter, Ann Mifflin, she calls her her deceased daughter; when of Margaret Howell, she calls her her daughter,—“my daughter, my daughter’s childz’en;” and when she speaks of them in relation to Mrs. Beveridge, it is her daughter’s children. It is not a power to give to the children of “any one of my daughters,” but “to any one of my daughter’s children,” her whom before she had described as her daughter; that is, she may select any one of my said daughter’s children, not any child of any of any of my daughters. This may at first appear ambiguod's, but a careful attention to the whole structuz’e of the will, and the phraseology of the testatrix, will satisfy the mind that this bounty was intended for the children of her living daughter, Margaret, the children of the living sister of Mary Beveridge. That she never intended the children of her deceased daughter, Ann Mifflin, because for these childz’en she had made the same exact provision, and her son’s children were to get nothing, in any event. On the death of Ann Mifflin’s children, without leav *192 ing issue, the children of Margaret alone were to take what had been bequeathed to them; so that throughout the will the testatrix discovered her anxiety to provide for them. In one event, some one of these children being selected by Mary Beveridge, that child would take, but if she did not appoint, then it was still to go to the same family, and be equally divided among all the children of Margaret Howell.
The four thousand dollars is to be divided among the eleven^ children of Margaret Howell. Judgment is therefore to be entered for one eleventh part for the plaintiffs, the amount by agreement to be settled by the attornies of the parties.
Judgment for the plaintiff.